UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK JAMES HOWARD, | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-301 |
| WILLIAM STEPHENS, *et al*, | § |
| Respondents. | § |

## MEMORANDUM AND ORDER

Petitioner Patrick James Howard is an inmate in the custody of the Texas Department of Criminal Justice. He filed a petition for a writ of habeas corpus.

Howard was convicted of aggravated assault with a deadly weapon and received a sentence of eight years imprisonment. Howard's petition contends that he was denied due process in a disciplinary hearing resulting in the loss of commissary privileges, cell restriction, reduction in line class, and forfeiture of accrued good time credit. He does not challenge his conviction or sentence.

Respondent filed a motion for summary judgment. Howard filed a cross-motion for summary judgment.

I.   Background

Howard's petition challenges disciplinary case number 20140025191, resulting in the forfeiture of accumulated time credits, reduction of class, and imposition of commissary, and cell restrictions. He does not challenge his conviction or sentence. Therefore, a detailed discussion of the facts of his crime and trial is not necessary.

Howard filed a previous federal petition challenging the same disciplinary case. That petition was dismissed with prejudice on January 24, 2014. *See Howard v. Stephens*, No. 4:14cv-37 (S.D. Tex. Jan. 24, 2014).

II.   Analysis

The Anti-Terrorism and Effect Death Penalty Act's ("AEDPA") requires this Court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Howard has already challenged this disciplinary case through a federal habeas corpus petition. Therefore, Howard's current petition constitutes a successive habeas petition.

This Court is without jurisdiction to consider Howard's successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Therefore, Howard's petition must be dismissed with prejudice.

III.   Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Howard's petition is denied and is dismissed with prejudice.

IV.   Certificate of Appealability

Howard has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough

to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Howard's petition and concludes that, under clear, binding precedent, this Court lacks jurisdiction over the petition. The court concludes that under such precedents Howard has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and that jurists of reason could not find it debatable whether this Court is correct in its conclusion. This Court concludes that Howard is not entitled to a certificate of appealability.

V.      Order

For the foregoing reasons, it is ORDERED as follows:

1.      Respondent William Stephens' motion for summary judgment (Dkt. No. 24) is GRANTED;

2.      Petitioner Patrick James Howard's cross-motion for summary judgment (Dkt. No. 33) is DENIED;

3.      Howard's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED; and

4.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 14th day of January, 2015.

_____
Kenneth M. Hoyt
United States District Judge